# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOUISE WISE,

    Plaintiff,

v.                                                                                                                                                    No. CIV-O3-1419 BB/ACT

ALLSTATE INSURANCE COMPANY,
and JOHN DOE, as personal representative
of the estate of TODD AAKHUS, deceased,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of Plaintiff Louise Wise's Motion to Remand, filed January 5, 2004 (Doc. 5). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Plaintiff's motion will be GRANTED.

### I. BACKGROUND

This case arises from Plaintiff Louise Wise's ("Wise") employment at Defendant Allstate Insurance Company ("Allstate"). Wise is a citizen of New Mexico. Allstate is an Illinois corporation with its principal place of business in Illinois.

Wise is employed with Allstate as an attorney at Allstate's Albuquerque, New Mexico office. In October of 1998 Allstate hired Todd Aakhus ("Aakhus") to be Wise's immediate supervisor. It is Aakhus' conduct as supervisor that is the subject of this suit. Wise claims that Aakhus discriminated against her because of her sex. Specifically, Wise's Complaint sets forth

several state law claims, including alleged violations of the New Mexico Human Rights Act, intentional infliction of emotional distress, and prima facie tort.

Following New Mexico procedure, Wise filed her Complaint in the First Judicial District, County of Santa Fe, State of New Mexico on June 24, 2003.[1] On April 21, 2003, after the conduct at issue had occurred, but before Wise filed a Complaint, Aakhus passed away. As a result, the Complaint named two Defendants, Allstate and John Doe as personal representative of the estate of Todd Aakhus (the "Personal Representative Defendant").

Wise's Complaint did not state the amount in controversy. In her responses to requests for admissions, Wise admitted for the first time that her damages exceeded $75,000. On December 12, 2003, Allstate removed the case to this Court pursuant to 28 U.S.C. § 1441(a), alleging the requisite amount in controversy and complete diversity of citizenship.

## II. DISCUSSION

In her motion, Wise challenges this Court's jurisdiction.[2] According to Wise, complete diversity of citizenship is lacking because the Personal Representative Defendant is a resident of New Mexico. Allstate does not dispute the Personal Representative Defendant's residency. Instead, Allstate argues that this Court's jurisdiction is appropriate because the Personal

---

[1]Two companion cases against Allstate and Aakhus or his estate were also filed in the First Judicial District in 2003 by Wise's counsel on behalf of two third parties. Both of these cases raised claims parallel to Wise's allegations. Allstate attempted to remove both of these companion cases based on arguments that were substantially similar to its argument here, and both of these cases were recently remanded to state court. *See Littell v. Allstate Ins. Co.*, CIV 03-0493 MCA/RHS (July 30, 2003) (Memorandum Opinion and Order); *Reed v. Allstate Ins. Co.*, CIV 03-1420 RB/RLP (April 7, 2004) (Memorandum Opinion and Order).

[2]In addition to her diversity jurisdiction challenge, Wise argues that Allstate's removal of this case was untimely. Because the Court finds that it lacks diversity jurisdiction, however, it does not reach the question of timeliness.

Representative Defendant was fraudulently joined. As discussed below, however, the Court finds that remand is necessary for lack of diversity jurisdiction.

### A. Removal and Remand Standard

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941). There is a presumption against removal jurisdiction, and doubts should be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 R.3d 871, 873 (10th Cir. 1995); *see also Fajen v. Foundation Reserve Insurance Co.*, 683 F.2d 331, 333 (10th Cir.1982). "Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal." *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998); *see also Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003).

The applicable removal statute provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, a defendant may remove a case filed in state court only if the plaintiff could have filed suit in federal court originally. *Id*. The district courts of the United States generally have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In the present matter, Wise argues that this Court lacks diversity jurisdiction because both Wise and the Personal Representative Defendant are residents of the State of New Mexico. The relevant question in this case becomes whether diversity jurisdiction exists because the Personal Representative Defendant was fraudulently joined.

**B.      Fraudulent Joinder**

For diversity purposes, the Personal Representative Defendant is a citizen of the same state as Aakhus, the decedent. 28 U.S.C. § 1332(c)(2). Therefore, for the purposes of this motion, the Personal Representative Defendant is considered a resident of New Mexico. Because Wise is also a resident of New Mexico, the inclusion of the Personal Representative Defendant would normally destroy diversity subject matter jurisdiction. However, Allstate argues that diversity jurisdiction exists here because the Personal Representative Defendant was fraudulently joined by Wise to defeat such jurisdiction.

It has long been held that the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A non-diverse defendant is fraudulently joined when no cause of action is pleaded against him or her, when the cause of action pleaded is defective as a matter of law, or when the pleaded cause of action does not exist in fact. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir.1983).

In a recent unpublished decision, the Tenth Circuit outlined the heavy burden placed on defendants to show that a plaintiff has fraudulently joined a party for the purpose of destroying diversity jurisdiction:

> To prove their allegation of fraudulent joinder [the removing party] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against the joined party in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indem.*, 211 F.3d 1278 (table opinion), 2000 WL 525592, at *1-2 (10th Cir. 2000) (quotation and citations omitted). Remand is required if any one of the claims against the non-diverse defendant is potentially viable. *Id.* (citing *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir.1983)).

Allstate argues that Wise's joinder of the Personal Representative Defendant is fraudulent because Wise alleges only intentional torts against Aakhus, and intentional torts do not survive the death of a tortfeasor. Survival of an action following the death of a party is governed by state law. *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978). In New Mexico, the applicable survival statute for an action filed after a tortfeasor has died is NMSA 1978, § 37-2-1. *See Padilla v. Estate of Griego*, 830 P.2d 1348, 1352 (N.M. Ct. App. 1992) (applying Section 37-2-1 to an assault action against a deceased tortfeasor). Section 37-2-1 provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same. The cause of action for wrongful death and *the cause of action for personal injuries shall survive the death of the party responsible therefor*.

NMSA 1978, § 37-2-1 (emphasis added).

Allstate argues that this statute does not extend to intentional torts. In support of this contention, Allstate relies on *Rodgers v. Ferguson*, 556 P.2d 844, 847 (N.M. Ct. App. 1992), and *Medina v. Pacheco*, 161 F.3d 18, 1998 WL 647784 (10th Cir. 1998) (unpublished). In *Rodgers*,

5

the New Mexico Court of Appeals considered a situation in which an individual involved in an automobile accident died before he was able to bring suit. 556 P.2d at 846. Following his death, his estate brought an action against the other driver and the owner of the vehicle alleging that the defendants were negligent. *Id*. The *Rodgers* court reviewed the common law rule that torts did not survive the death of the victim in order to determine if the rule applied to a negligence cause of action. *Id*. at 846-48. The court distinguished between negligence causes of action, which did not evolve until after the non-survival rule, and causes of action for intentional torts. Unlike negligence causes of action, intentional torts were developed before the non-survival rule. *Id*. For this reason, the court found that under New Mexico common law, intentional torts do not survive the death of a *plaintiff / victim*. *Id*. at 847.

Allstate would extend this reasoning to the present situation in which *the alleged tortfeasor* has died before the cause of action was filed. However, contrary to Allstate's contention, the analysis in *Rodgers* was not based on a reading of the identical precursor statute to Section 37-2-1. Rather, the *Rodgers* court applied the common law, and explicitly found that the precursor statute did not apply. *Id*. at 848-49. In so finding, the court made clear that "[u]nder the last sentence of [Section 37-2-1], a cause of action for personal injuries survives the death of a *party responsible for the injuries*." *Id*. at 849 (emphasis added).

Similarly, in *Medina*, the other case on which Allstate relies, the potential plaintiff, as opposed to the alleged tortfeasor, died before the suit was filed. 161 F.3d 18, 1998 WL 647784. As a result, the common law rule discussed in *Rodgers*, and *not* Section 37-2-1, provided the applicable law. In a footnote, the Tenth Circuit acknowledged that Section 37-2-1 would dictate a different result under a different procedural footing. *Id*. at *5, n. 11.

6

This is not a case in which the distinction between intentional and unintentional torts is relevant. Instead, it requires nothing more than straightforward statutory interpretation and application. Because it is the alleged tortfeasor, and not the plaintiff, who died before suit was filed, the case is governed by Section 37-2-1. *Rodgers*, *Medina*, and the common law rule that torts did not survive the death of the victim are inapposite.

The last sentence in Section 37-2-1 makes clear that "the cause of action for personal injuries, shall survive the death of the party responsible therefor." NMSA 1978 § 37-2-1. Wise's claims against Allstate are personal injury actions. *C.f. Wilson v. Garcia*, 471 U.S. 261 (1985) (characterizing § 1983 claims as personal injury actions); *Farley v. United States*, 308 F.3d 1091 (10th Cir. 1998) (characterizing emotional distress caused by sexual discrimination as personal injury covered by the Federal Employees' Compensation Act); *Padilla v. Estate of Griego*, 830 P.2d 1348, 1352 (N.M. Ct. App. 1992) (Section 37-2-1 applies to intentional personal injury causes of action such as assault). It, therefore, follows that Wise's claims survive Aakhus' death.

Furthermore, this result is consistent with the opinion previously issued by former New Mexico state judge, the Honorable Robert C. Brack, in a companion case in this district. *Reed v. Allstate Ins. Co.*, CIV 03-1420 RB/RLP (April 7, 2004) (Memorandum Opinion and Order). In *Reed* the court considered claims against the same defendants, and arguments virtually identical to those presented here. Based on Section 37-2-1, the court concluded that the plaintiff's claims survived Aakhus' death. *Id*. at 6. Although not bound by this decision, absent unusual or exceptional circumstances, judges of coordinate jurisdiction within a jurisdiction should follow their colleagues' rulings. *See, e.g., Fricker v. Town of Foster*, 596 F.Supp. 1353 (D.R.I. 1984).

7

For these reasons, the Court finds that Wise's claims against the Personal Representative Defendant survive Aakhus' death. Because the claims are proper, complete diversity is lacking, and remand is required.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Wise's Motion to Remand be granted. This matter should be remanded to the First Judicial District, County of Santa Fe, State of New Mexico.

## V. ORDER

**IT IS ORDERED** that Plaintiff's Motion to Remand is GRANTED.

**DATED** at Albuquerque this 29th day of April, 2004.

```
                                        _____
                                        BRUCE D. BLACK
                                        United States District Judge
```

**Attorneys:**
For Plaintiff:

>   Pierre Levy
>   P.O. Box 2084
>   Santa Fe, NM  87504-2084

For Defendant Allstate Insurance Company:

>   Lisa Mann
>   Jennifer A. Noya
>   Modrall, Sperling, Roehl, Harris & Sisk, P.A.
>   P.O. Box 2168
>   Bank of America Centre
>   500 Fourth Street NW, Suite 100
>   Albuquerque, NM  87103-2168

For Defendant John Doe, Personal Representative of the Estate of Todd Aakhus, deceased:

    Timothy Hale
    Riley, Shane & Hale, P.A.
    4101 Indian School NE, #420
    Albuquerque, NM  87110-3993